# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREL J. FALLS** | **CIVIL ACTION** |
| **versus** | **NO. 13-5091** |
| **N. BURL CAIN** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Darryl J. Falls, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On June 5, 1986, he was convicted of two counts of armed robbery under Louisiana law.[1]  On June 27, 1986, he was sentenced on each count to a term of ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On May 9,

---

[1] State Rec., Vol. I of IV, minute entry dated June 5, 1986; State Rec., Vol. I of IV, jury verdict forms.

[2] State Rec., Vol. I of IV, minute entry dated June 27, 1986.

1989, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences.[3]  He did not seek further direct review.

In 1991, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on November 6, 1991.[5]  His related writ application was also denied by the Louisiana Fourth Circuit Court of Appeal on April 20, 1992.[6]

On or about October 17, 1996, petitioner filed another application for post-conviction relief with the state district court.[7]  That application was denied by the district court on an unknown date,[8] and his related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on March 25, 1997,[9] and April 16, 1997,[10] and by the Louisiana Supreme Court on September 25, 1998.[11]

---

[3] State v. Falls, 544 So.2d 27 (La. App. 4th Cir. 1989) (No. KA 8793); State Rec., Vol. I of IV.

[4] State Rec., Vol. I of IV.

[5] State Rec., Vol. I of IV, Judgment dated November 6, 1991; State Rec., Vol. I of IV, minute entry dated November 6, 1991.

[6] State v. Falls, No. 92-K-0512 (La. App. 4th Cir. Apr. 20, 1992); State Rec., Vol. I of IV.

[7] State Rec., Vol. I of IV.

[8] The state court record submitted for this Court's review does not contain a copy of the district court's decision.

[9] State v. Falls, No. 97-K-0167 (La. App. 4th Cir. Mar. 25, 1997); State Rec., Vol. III of IV.

[10] State v. Falls, No. 97-K-0769 (La. App. 4th Cir. Apr. 16, 1997); State Rec., Vol. I of IV.

[11] State ex rel. Falls v. State, 726 So.2d 6 (La. 1998) (No. 97-KH-1363); State Rec., Vol. I of IV.

In 2012, petitioner returned to the state courts to file a post-conviction application arguing that he was entitled to relief under Martinez v. Ryan, 132 S.Ct. 1309 (2012).[12] Relief was denied by the state district court on October 22, 2012,[13] by the Louisiana Fourth Circuit Court of Appeal on January 14, 2013,[14] and by the Louisiana Supreme Court on June 14, 2013.[15]

On July 8, 2013, petitioner filed the instant federal application for *habeas corpus* relief.[16] In its response in this proceeding, the state argues that the application is untimely.[17] In his opposition to the state's response, petitioner disagrees.[18]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[19] However, with respect to prisoners, such as Falls,

---

[12]   State Rec., Vol. IV of IV.

[13]   Rec. Doc. 3, p. 37, Judgment dated October 22, 2012.

[14]   State v. Falls, No. 2012-K-1702 (La. App. 4th Cir. Jan. 14, 2013); State Rec., Vol. III of IV.

[15]   State *ex rel.* Falls v. State, 118 So.3d 1086 (La. 2013) (No. 2013-KH-406); State Rec., Vol. IV of IV.

[16]   Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on July 8, 2013. Rec. Doc. 3, p. 6.

[17]   Rec. Doc. 11.

[18]   Rec. Doc. 12.

[19]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

whose convictions and sentences became final prior to the enactment of the AEDPA, a grace period applies, and the one-year statute of limitations begins to run in such cases on the AEDPA's effective date, April 24, 1996.  Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).  Therefore, the one-year period that petitioner had to file his application for federal *habeas corpus* relief expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA expressly provides:  "The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  The United States Supreme Court has explained:  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, *the time limits upon its delivery,* the court and office in which it must be lodged, and the requisite filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted; emphasis added).

The only state application for post-conviction or other collateral review petitioner filed during the period of April 24, 1996, through April 24, 1997, was the post-conviction application filed on October 17, 1996.  However, that application was ultimately denied by the Louisiana Supreme Court as untimely filed under state law.[20]  The United States Supreme Court has

---

[20]   State *ex rel.* Falls v. State, 726 So.2d 6 (La. 1998) (No. 97-KH-1363); State Rec., Vol. I of IV. In denying relief, the Louisiana Supreme Court cited La.Code Crim. P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).  Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief on basis of article 930.8 even if the lower court did not consider timeliness.

held that when, as here, the state courts have denied an application as untimely under state law, such an application cannot be considered to have been "properly filed," and, therefore, cannot toll the federal limitations period.  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks and brackets omitted)); see also  Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *4 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Hartman v. Johnson, Civ. Action No. 11-13, 2011 WL 4443230, at *4 (E.D. La. Sept. 23, 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937287, at *3 (E.D. La. June 1, 2011), adopted, 2011 WL 2937285 (E.D. La. July 19, 2011); Lebanks v. Cain, Civ. Action No. 09-7709, 2010 WL 5055989, at *3 (E.D. La. Oct. 25, 2010), adopted, 2010 WL 5057424 (E.D. La. Dec. 6, 2010); Campbell v. Cain, No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007).  Because petitioner's 1996 post-conviction application did not toll the limitations period, and because he filed no other state applications during the applicable one-year period, he is not entitled to any statutory tolling.[21]

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, it is the petitioner who bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.

---

[21]  Out of an abundance of caution, the Court notes that even if petitioner were entitled to statutory tolling based on the 1996 application, his federal application would still be untimely, in that over *fourteen years* elapsed untolled after the Louisiana Supreme Court's denial of that application in 1998 and the filing of his next state application in 2012.

- 5 -

2002).  Moreover, it is clear that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").   In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  In the instant case, however, petitioner does not argue that he is actually innocent of the crimes of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies,  his federal application for *habeas corpus* relief had to be filed on or before April 24, 1997, in order to be timely.  His federal application was not filed until on or after July 8, 2013, and, therefore, it is clearly untimely.

Lastly, the Court notes that petitioner argues that the untimeliness of his federal application should be excused in light of the United States Supreme Court's holdings in Martinez v. Ryan, 132 S.Ct. 1309 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (2013).  However, Martinez

and <u>Trevino</u> dealt with the procedural default doctrine.[22]  In <u>Martinez</u>, the Supreme Court held:

"Where, under state law, claims of ineffective assistance of trial counsel must be raised in an

initial-review collateral proceeding, a procedural default will not bar a federal habeas court from

hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Martinez</u>, 132

S.Ct. at 1320.  In <u>Trevino</u>, the Supreme Court held that the <u>Martinez</u> exception also applies when

a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a

typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective

assistance of trial counsel on direct appeal." <u>Trevino</u>, 133 S.Ct. at 1921.   Because <u>Martinez</u> and

<u>Trevino</u> concerned the procedural default doctrine, *not* the AEDPA's statute of limitations, they are

inapplicable here and do not excuse petitioner's failure to seek federal relief in a timely manner.

<u>See, e.g.</u>, <u>Henschen v. Secretary, Florida Department of Corrections</u>, No. 3:12cv571, 2013 WL

6816093, at *5 (N.D. Fla. Dec. 24, 2013); <u>Oxley v. Cain</u>, Civ. Action No. 11-669, 2013 WL

5238297, at *2 (M.D. La. Sept. 17, 2013); <u>Kuykendall v. Stephens</u>, Civ. Action No. 13-CV-248,

2013 WL 3455724, at *3 (N.D. Tex. July 9, 2013).

---

[22]   Under the procedural default doctrine, "[a] claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." <u>Finley v. Johnson</u>, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).  In that instance, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Darryl J. Falls be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this thirteenth day of February, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.